# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS EMMANUEL ESCOBOZA-MARTINEZ,<br><br>                    Petitioner,<br>  vs.<br><br>UNITED STATES OF AMERICA,<br><br>                    Respondent. | CASE NO. 07cv930 BTM<br>              06cr1096 BTM<br><br>**ORDER DENYING PETITIONER'S MOTION PURSUANT TO 28 U.S.C. § 2255** |

On May 23, 2007, Petitioner filed a motion under 28 U.S.C. § 2255 requesting that the Court grant a "downward departure" from its previously entered sentence of 41 months imprisonment. Petitioner argues that the Court should amend his sentence in order to take into account the fact that he is ineligible, due to his immigration status, for certain prison programs that would result in a reduction of his sentence.

However, Petitioner pled guilty pursuant to a "Fast-Track" plea agreement [Doc. #11]. As part of the plea agreement, Petitioner agreed to waive his right to collaterally attack his conviction or sentence unless the Court imposed a sentence greater than the high end of the guideline range recommended by the Government pursuant to the agreement. [Id. at 10.] The agreement contemplated a total offense level of 22. Although there was no agreement as to Petitioner's Criminal History Category, the Government's sentencing summary chart indicates that Criminal History Category I was applicable. [See Doc. #17] As a Category I, Petitioner's guideline range for offense level 22 was 41-51 months. Since the Court

ultimately sentenced Petitioner to 41 months, significantly less than the high end of the guideline range called for by the plea agreement, Petitioner's waiver of collateral attack would bar his present motion.  A waiver of appeal and/or collateral attack of a conviction is enforceable if voluntarily made.  <u>United States v. Pruitt</u>, 32 F.3d 431, 433 (9th Cir. 1994).  Petitioner has made no argument that his execution of the plea agreement was involuntary and, in fact, Petitioner specifically acknowledged at his sentencing that he was voluntarily waiving his right to appeal and collaterally attack his sentence.  (<u>See</u> Transcript of 10/20/06 Sentencing Proceedings.)  Accordingly, the Court will enforce Petitioner's waiver and deny his motion.

Based upon a review of Petitioner's motion, pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, this Court finds that Petitioner is plainly not entitled to relief.  Therefore, the motion is **DISMISSED**.

**IT IS SO ORDERED.**

DATED: June 4, 2007

*[signature]*

Hon. Barry Ted Moskowitz
United States District Judge